UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CR RADCLIFF INVESTMENT, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ROYCE MONSON,<br><br>Defendant. | Case No. 4:14-cv-00320-REB<br><br>**ORDER, REPORT, AND RECOMMENDATION** |

Pending before the Court is Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2). However, the Court must first consider whether Defendant has properly removed this matter to federal court because the court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"). And, the Court must remand this matter if it lacks jurisdiction. *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citations omitted); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

**REPORT AND RECOMMENDATION - 1**

jurisdiction, the case shall be remanded"). For the reasons explained below, the Court finds that it lacks subject matter jurisdiction over this case and recommends that it be remanded to state court.

A.      **Standards of Law**

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," *id.*, and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance," *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and internal quotation marks omitted).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States;" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). *See also Geographic Expeditions, Inc.*, 599 F.3d at 1106.

**B. Report**

"[D]efendants desiring to remove any civil action from a State court shall file *in the district court of the United States for the district and division within which such action is pending* a notice of removal...." 28 U.S.C. § 1446(a) (emphasis added). Defendant seeks to remove this case from a Utah state court. Thus, any attempt at removal must be made in the United States District Court for the District of Utah.

Notably, Defendant has already attempted to remove *this case* to the United States District Court in Utah. On June 23, 2014, that court issued an order remanding this case to the Utah state court. *See CR Radcliff Investment v. Royce Monson*, Case No. 2:14CV0215, ECF No. 11 (D. Utah June 23, 2014).[1] In doing so, the Utah federal court ruled that no diversity jurisdiction existed.

Defendant argues in his removal request to this Court that the amount in controversy requirement ($75,000) is satisfied in the current attempt at removal because this case is not really about an eviction or unlawful detainer, as set forth in the Complaint, but "should be considered a foreclosure action". Notice, p. 6 (Dkt. 1). However, Defendant has provided no documents to support his claim that, even if this were more properly described as a foreclosure case, the value of the property is more than $75,000. Moreover, he also relies on an alleged counterclaim for $100,000 to support the amount

---

[1] Federal Rule of Evidence 201 allows the Court to take judicial notice of a fact that is not subject to reasonable dispute where, as here, the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (2).

**REPORT AND RECOMMENDATION - 3**

in controversy requirement, but there is no answer or counterclaim in the record before the Court. Thus, Defendant has not met his burden to establish that removal is properly based on diversity jurisdiction.

In short, the Court has nothing but bare allegations in the Notice of Removal to consider in support of Defendant's argument that the amount in controversy is sufficient for jurisdiction. In contrast, the Plaintiff's Complaint includes a copy of the Notice to Pay Rent or Vacate, which details the amount of rent owing, an amount far less than the $75,000 required for jurisdiction. *See* Dkt. 1-3. *See also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.").

Finally, although this is not a basis for the Court to *sua sponte* remand a case, the Defendant removed this case well after the 30 day deadline to do so.[2] *See* 28 U.S.C. § 1446(b) (requiring the notice of removal to be filed within 30 days after the defendant receives the initial pleading). Although the Utah state court record Defendant provided does not include a return of service noting when Plaintiff served the summons (issued in March of 2014) on Defendant, it appears to have been before Defendant tried to remove

---

[2] *See Smith v. Mylan Inc.*, ___ F3d ___, No. 12–56028, 2014 WL 3805443, *2 (9th Cir. 2014) (explaining that "the court may remand for defects other than lack of subject matter jurisdiction *only upon a timely motion to remand*") (emphasis added).

**REPORT AND RECOMMENDATION - 4**

this case to the Utah federal court in June of 2014. Significantly, Defendant recognizes his belated notice, arguing that decisions from the Second Circuit and New York district courts have allowed removal in certain circumstances when the notice is filed outside of the 30-day time limit. *See* Notice, pp. 2-5 (Dkt. 1). However, Defendant justifies the late notice on a faulty argument that the Complaint failed to state the actual amount in controversy, *see id.* at p. 5. However, that has been the same circumstance since the filing of the Complaint. In other words, none of the facts Defendant relied upon to support his assertion that the amount in controversy is more than that stated in the state court Complaint has changed since the initial filing of that Complaint.

## ORDER

It is HEREBY ORDERED that this case be reassigned to a District Judge to consider whether this case should be remanded to the state court for the reasons set forth in this Report and Recommendation. *See* 28 U.S.C. § 636.

## RECOMMENDATION

Accordingly, because Defendant has failed to meet his burden to demonstrate removal is appropriate and this Court has jurisdiction over the case, IT IS HEREBY RECOMMENDED that the District Judge deny Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2).

IT IS FURTHER RECOMMENDED that this matter be REMANDED to the Third District Court, State of Utah.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a

**REPORT AND RECOMMENDATION - 5**

Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED: **September 5, 2014**

Honorable Ronald E. Bush
U. S. Magistrate Judge